IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE          *  MDL Docket No. 2004
                                      4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS      *
                                      Case No.
LIABILITY LITIGATION               *  4:13-cv-246 (Jester)

_____

O R D E R

    Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence.  Plaintiff Mary Jester was implanted with ObTape and asserts that she suffered injuries caused by ObTape.  Jester brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Jester also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape.  Mentor seeks summary judgment on all of Jester's claims, contending that they are time-barred under Illinois law.  For the reasons set forth below, the Court agrees, and Mentor's summary judgment motion (ECF No. 36 in 4:13-cv-246) is granted.

SUMMARY JUDGMENT STANDARD

    Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).   In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   A fact is *material* if it is relevant or necessary to the outcome of the suit.   *Id.* at 248.   A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.   *Id.*

FACTUAL BACKGROUND

Jester visited Dr. Jerrold Seckler in 2004 reporting symptoms of stress urinary incontinence.   Dr. Seckler recommended a sling implant procedure, and he implanted Jester with ObTape on November 10, 2004.   In December 2005, Jester returned to Dr. Seckler complaining of vaginal discharge and irritation.   Dr. Seckler diagnosed Jester with an erosion of her ObTape, and he recommended removal of the exposed ObTape.   Dr. Seckler excised a portion of Jester's ObTape on December 8, 2005, but Jester's symptoms persisted.   Dr. Seckler performed two additional revision surgeries—one in March 2006 and one in January 2007.   Jester understood that the purpose of the surgeries was to attempt to alleviate her discharge and irritation symptoms.   After the third revision surgery, Jester's bleeding and discharge symptoms gradually went away.   When

Jester's doctor recommended a replacement sling, Jester said "not on your life" and that she "would never go down that road again." Jester Dep. 92:12-19, 146:22-147:3, ECF No. 36-9.

Jester asserts that she did not suspect that her problems might be related to a defect in ObTape until she saw a television commercial regarding mesh implant complications in 2012.

Jester asserts claims for negligence, strict liability (design defect, manufacturing defect, and failure to warn), breach of express warranty, breach of implied warranty, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation. Jester concedes that Mentor is entitled to summary judgment on her warranty claims, and summary judgment is therefore granted as to those claims.

## DISCUSSION

Jester filed her action in this Court on July 9, 2013 under the Court's direct filing order. The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004. Jester lives in Illinois, and all of her ObTape-related treatment took place in Illinois. The parties agree that Illinois law applies to Jester's claims.

Illinois has a two-year statute of limitations for personal injury actions. 735 Ill. Comp. Stat. 5/13-202. "The 'discovery rule' in Illinois delays the commencement of the applicable statute of limitations until the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Curtis v. Mentor Worldwide, LLC*, 543 F. App'x 901, 903 (11th Cir. 2013) (applying Illinois law) (citing *Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1137 (Ill. 1995). "The phrase 'wrongfully caused' does not mean knowledge of a specific defendant's negligent conduct or knowledge of the existence of a cause of action." *Id.* (quoting *Castello v. Kalis*, 816 N.E.2d 782, 789 (Ill. App. Ct. 2004)). "Instead, it refers to when an 'injured party becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved.'" *Id.* (quoting *Castello*, 816 N.E.2d at 789).

Here, by January 2007, Jester had undergone three excision procedures. After the third procedure, her symptoms gradually went away. And after her experience with ObTape and the excision procedures, Jester adamantly declined a replacement sling. Thus, the Court finds that Jester knew by January 2007 at the latest that she had suffered an injury related to ObTape.

4

Jester argues, however, that the statute of limitations did not run until she became aware of a connection between her injuries and a *defect* in ObTape.  In support of this assertion, Jester highlights *Castello*, a medical malpractice case, which states: "[t]he limitations period begins to run when the plaintiff becomes aware that the cause of his problem stems from another's negligence and not from natural causes."  *Castello*, 816 N.E.2d at 789 (alteration in original) (quoting *Saunders v. Klungboonkrong*, 501 N.E.2d 882, 885 (Ill. App. Ct. 1986)).  But *Castello* also emphasized that the statute begins to run when an "injured party becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved." *Id.*  "The law is well-settled that once a party knows or reasonably should know both of his injury and that it was wrongfully caused, 'the burden is upon the injured person to inquire further as to the existence of a cause of action.'" *Id.* (quoting *Witherell v. Weimer*, 421 N.E.2d 869 (Ill. 1981)).

Again, Jester knew by January 2007 at the latest that she had suffered symptoms that required three excision procedures, and Jester herself was leery of a sling replacement after that experience.  At that time, a person of common knowledge and experience in Jester's position would have been on notice that her injuries may be related to ObTape, and she would have been

5

able to begin an investigation to determine whether those injuries were caused by a problem with ObTape, a problem with the implantation surgery, or another problem. *See Curtis*, 543 F. App'x at 904 (stating that an ObTape plaintiff "was obligated to begin her inquiry as to who manufactured her sling and whether her complications were due to a problem with the surgery or a defective sling" after she suffered injuries that required removal of her ObTape). That is enough to trigger the statute of limitations under Illinois law.[1]

Jester also argues that the statute of limitations should be tolled due to fraudulent concealment under 735 Ill. Comp. Stat. 5/13-215. That statute states: "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards." To establish fraudulent concealment, a plaintiff must "demonstrate that the defendant

---

[1] Jester argues that a reasonable investigation did not reveal that she had a potential claim. But Jester did not point to evidence that she actually undertook a reasonable investigation. In response to Mentor's statement of material facts, Jester denied, without citing any evidence, Mentor's assertion that she had never investigated her symptoms beyond what her doctors told her. Jester did not, however, point to evidence to dispute her own testimony that she did not investigate her claims. Jester Dep. 12:19-13:5 (stating that she did not do any internet research about her conditions); *id*. at 136:17-20 (stating that she did not do any further investigation based on conversations with her doctors).

made misrepresentations or performed acts which were known to be false, with the intent to deceive the plaintiff, and upon which the plaintiff detrimentally relied." *Cangemi v. Advocate S. Suburban Hosp.*, 845 N.E.2d 792, 804 (Ill. App. Ct. 2006) (quoting *Foster v. Plaut*, 625 N.E.2d 198, 203 (Ill. App. Ct. 1993)). "In addition, fraudulent misrepresentations which form the basis of the cause of action do not constitute fraudulent concealment under section 13-215 in the absence of a showing that the misrepresentations tended to conceal the cause of action." *Id.* (quoting *Foster*, 625 N.E.2d at 203). And the plaintiff seeking to establish fraudulent concealment must "show affirmative acts by the defendant which were designed to prevent, and in fact did prevent, the discovery of the claim." *Foster*, 625 N.E.2d at 203. "Mere silence of the defendant and the mere failure on the part of the plaintiff to learn of a cause of action do not amount to fraudulent concealment." *Id.*

Jester's fraudulent concealment argument is based on her assertion that Mentor did not adequately disclose the risks of ObTape prior to Jester's implant surgery, that Mentor continued to market ObTape without disclosing certain complication rates that Mentor had allegedly discovered, and that Mentor withdrew ObTape from the market without telling Jester's physicians. In other words, she contends that Mentor initially provided inadequate warnings regarding ObTape and then did not supplement

7

its warnings.   But Jester did not point to evidence of an affirmative act of concealment that kept Jester from learning that she had been injured or that her injury was connected to ObTape.   Fraudulent concealment does not apply here.

For the reasons set forth above, Jester's personal injury claims accrued in January 2007 at the latest.   She did not file her action until more than six years later.   Her claims are thus time-barred under Illinois law.

CONCLUSION

As discussed above, Mentor's summary judgment motion (ECF No. 36 in 4:13-cv-246) is granted.

IT IS SO ORDERED, this 19th day of August, 2016.

s/Clay D. Land
_____
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA